IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FRED SANFORD SPICER, JR.                                        PETITIONER

v.                                          CAUSE NO. 1:13CV377-LG-JCG

MARSHALL L. FISHER, Commissioner
of Mississippi Department of Corrections;
and JIM HOOD, Attorney General of the
State of Mississippi                                          RESPONDENTS

MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION

**BEFORE THE COURT** is the Report and Recommendation [38] entered by

United States Magistrate Judge John C. Gargiulo.  On September 26, 2013, Fred

Sanford Spicer, Jr., filed a Petition for Writ of Habeas Corpus [1] asserting that his

attorneys provided ineffective assistance of counsel during his capital murder trial

in the Circuit Court of George County, Mississippi.  Judge Gargiulo determined that

Spicer failed to exhaust his claims in state court prior to filing his habeas petition

and recommended that this case should be stayed until after the Mississippi

Supreme Court has had an opportunity to review new evidence presented in support

of Spicer's habeas petition.  Spicer has filed a timely objection to the Report and

Recommendation.  After reviewing the record in this matter as well as the state

court record and the applicable law, the Court finds that Judge Gargiulo's Report

and Recommendation should be adopted as the opinion of this Court.

BACKGROUND

In September 2001, Edmond Hebert helped Spicer obtain employment with a

roofing company, and he allowed Spicer to live in his trailer which was located in

Lucedale, Mississippi.  On October 12, 2001, Hebert and Spicer's employer notified Hebert's mother that neither Spicer nor Hebert had reported for work.  Hebert's mother went to the trailer multiple times to tell Hebert about the phone call, but each time she returned home after noting that Hebert's truck was not there.

On that same day, Spicer was pulled over while driving Hebert's truck.  A sword that belonged to Hebert was also located in the truck.  After the ownership of the truck was determined, a welfare check was requested for Hebert, whose body was found in the trailer.  An autopsy revealed that Hebert had died as a result of skull fractures.  Hebert's blood was located on Spicer's clothing and on the sword that was in Spicer's possession.  Dr. Stephen Hayne, the forensic pathologist who performed the autopsy, opined that Hebert's fatal skull fractures were caused by the blunt edge of Hebert's sword.[1]

A George County jury found Spicer guilty of capital murder and sentenced him to death by lethal injection.  Spicer appealed the conviction and sentence, which were affirmed by the Mississippi Supreme Court.  *Spicer v. State*, 921 So. 2d 292 (Miss. 2006).   Spicer filed a petition for post-conviction relief.  The Supreme Court granted him an evidentiary hearing before the trial court concerning the issue of whether Spicer's attorneys provided him ineffective assistance during the

---

[1] Spicer claims that he had permission to drive Hebert's truck, that the sword was not the murder weapon, and that the small amount of Hebert's blood found on Spicer's clothing could have come from living and working with Hebert for a roofing company.  A more thorough discussion of the factual and procedural history of this case is included in Judge Gargiulo's Report and Recommendation [38], which is incorporated herein by reference.

penalty phase of the trial by failing to investigate and introduce mitigation evidence of Spicer's character and childhood history.  The Supreme Court rejected all of Spicer's arguments that his attorneys provided ineffective assistance during the guilt phase of the trial.

The trial court held an evidentiary hearing and determined that Spicer's sentence should be vacated.  At a subsequent hearing, the State withdrew its request for imposition of the death penalty.  The trial court sentenced Spicer to life imprisonment without the possibility of parole.  Spicer then filed the present habeas petition, relying in part on testimony that was given by Spicer's trial counsel during the evidentiary hearing ordered by the Supreme Court.  Judge Gargiulo recommends that this case be stayed so that Spicer can present this evidence to the Mississippi Supreme Court.

## DISCUSSION

Federal courts are prevented from granting habeas relief unless the petitioner has exhausted available state court remedies.  28 U.S.C. § 2254(b)(1).  "Exhaustion requires that a petitioner first present the substance of his federal claims to the highest state court either through direct appeal or by state collateral review procedures."  *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009).  "To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  "A habeas petitioner fails to

exhaust state remedies when he presents material additional evidentiary support to the federal court that was not presented to the state court." *Ward v. Stephens*, 777 F.3d 250, 258 (5th Cir. 2015) (internal quotation marks omitted).

In his petition for post-conviction relief filed with the Mississippi Supreme Court, Spicer argued that his two-court-appointed attorneys – Darryl A. Hurt, Sr., and Sidney Barnett – failed to consult with him in preparation for trial. Spicer produced Mr. Hurt's billing records, which revealed that Mr. Hurt met with Spicer for a total of four hours over the ten months preceding Spicer's trial. Mr. Barnett had no billing records, because he was the public defender. The Mississippi Supreme Court rejected Spicer's argument, because no information had been presented concerning the amount of time that Mr. Barnett had spent consulting with Spicer. *Spicer v. State*, 973 So. 2d 184, 193 (¶22) (Miss. 2007). The Court believed that Mr. Barnett had served as lead counsel during the trial and "was more likely to have been the attorney meeting with Spicer." *Id.*

Spicer also argued that Mr. Hurt and Mr. Barnett failed to conduct a factual investigation concerning the charges filed against him. This argument was based on affidavits signed by Mr. Hurt and Mr. Barnett in which they each testified:

> Pursuant to Mississippi Rule of Appellate Procedure 22(c)(4)(ii), I located my records related to Mr. Spicer's Trial. My records include only publicly available pleadings and court records. My records do not now, nor did they ever, include any notes, draft pleadings, correspondence, investigatory reports, attorney work-product, or other nonpublic information . . . .

(Pet., Ex. 11, 12, ECF Nos. 1-14, 1-15). Spicer also relied on Mr. Hurt's billing

records, which indicated Mr. Hurt had spent 63.25 hours preparing the case for trial
and none of those time entries reference factual investigation or legal research.  The
Mississippi Supreme Court held that it would be a "stretch to assume, let alone
conclude" that Spicer's attorneys did not investigate the alleged crime based solely
on the Miss. R. App. P. 22 affidavits.  *Spicer*, 973 So. 2d at 194 (¶26).  The Court
also held that it was evident from the trial transcript that Spicer's attorneys were
"fully prepared" to cross-examine the State's witnesses.  *Id.* at (¶27).

In his habeas petition, Spicer has produced the following testimony from Mr.
Hurt and Mr. Barnett in support of his arguments that these attorneys failed to
consult with him and failed to investigate the charges against him: (1) Mr. Hurt
served as lead counsel during the trial; (2) Mr. Barnett did not conduct any legal
research, but Mr. Hurt may have conducted some legal research on the day before
trial; (3) Mr. Hurt did not interview any of the State's witnesses, while Mr. Barnett
only interviewed Spicer's mother and sister; (4) neither Mr. Hurt nor Mr. Barnett
reviewed videotaped interviews of the State's witnesses; (5) neither Mr. Hurt nor
Mr. Barnett consulted with forensic or medical experts; (6) they did not hire a
private investigator because they felt it was unnecessary; (7) Mr. Barnett visited
Spicer five or six times prior to trial in order to find out whether Spicer was
incompetent; (8) Mr. Hurt met with Spicer five times prior to trial.

Spicer also argues in his habeas petition that Mr. Hurt and Mr. Barnett
provided him with ineffective assistance by adopting a trial strategy of self-defense
that would have required Spicer to testify at trial, even though they believed that

he was incompetent and unable to meaningfully consult with them.  This argument is based on Mr. Hurt's testimony during the evidentiary hearing that he believed Spicer was incompetent and unable to assist in his defense.  Mr. Hurt also testified that Spicer was unable to meaningfully consult with him.  Mr. Hurt admitted that he did not know whether he expected Spicer to testify until after the trial started.

A claim is not fairly presented to the state court "if the additional evidence in federal court puts the claim in a significantly different and stronger position than in state court." *Ward*, 777 F.3d at 258.  "Merely putting a claim in a stronger evidentiary posture is not enough . . . ; the new evidence must be so significant that it fundamentally alters the legal claim such that, in fairness, the claim ought to be remitted to state court for consideration of that evidence." *Id.* (internal citations and quotation marks omitted).  The Fifth Circuit has held that the following factors "aid in a finding of exhaustion":

> there is no intentional withholding of evidence from state court; the state petition is very specific rather than vaguely conclusory as to petitioner's theory of ineffective assistance of counsel; additional evidence merely confirms what the petitioner specifically asserted in the state habeas proceeding; and all crucial facts were before the state court.

*Smith v. Dretke*, 134 F. App'x 674, 678 (5th Cir. 2005).

First, there is no indication that Spicer intentionally withheld evidence from the state court.  Second, Spicer's state court petition could not be considered "vaguely conclusory."  However, the new evidence that Mr. Hurt adopted a defense strategy that required Spicer's testimony even though he viewed Spicer as

incompetent and unable to assist in his defense is not mere supplemental evidence. In fact, this appears to be a new argument that was not considered by the Mississippi Supreme Court. Furthermore, the Mississippi Supreme Court had no information concerning the amount of time that Mr. Barnett spent consulting with Spicer. As a result, Judge Gargiulo correctly determined that the new evidence fundamentally altered Spicer's claims such that Spicer did not exhaust his claims in the state court.

Nevertheless, Spicer argues that this Court should not require him to exhaust his claims, because he claims that the Mississippi Supreme Court violated the standard of review for post-conviction petitions and failed to grant an evidentiary hearing concerning the guilt phase of trial. Spicer has not cited any legal authority in support of this argument. Furthermore, he has not demonstrated that any exception to the exhaustion requirement applies in this case.

The Court must next consider whether Judge Gargiulo properly determined that action concerning Spicer's habeas petition be stayed pending exhaustion in state court. The United States Supreme Court has held that "a stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Thus, a stay is only available when (1) the petition had good cause for failing to exhaust; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78. Finally, if a stay is imposed, the district court "should place time limits on a petitioner's trip to state court and back." *Id.* at 278.

Judge Gargiulo correctly found that there was good cause for Spicer's failure to exhaust.  The procedural history of this case is unusual and it was reasonable for Spicer to believe that he could not seek further relief in state court following the evidentiary hearing concerning the sentencing phase of trial.  Furthermore, Spicer's unexhausted claims are not plainly meritless.  Third, there is no indication that Spicer has engaged in any abusive litigation tactics or intentionally delayed the proceedings.  The Court also notes that failure to grant a stay could prevent Spicer from seeking relief before this Court in the event that the state court denies him relief.  *See Rhines*, 544 U.S. at 275 (explaining that the filing of a habeas petition does not toll the statute of limitations imposed by the AEDPA).  Therefore, the Court finds that this action should be stayed pending exhaustion in state court. Spicer must file a petition in state court within thirty days of the date of this opinion.  Spicer must also file a motion to lift the stay or a motion to dismiss his habeas petition within thirty days after exhausting his claims in state court. Failure to comply with these time limits will result in dismissal of Spicer's habeas petition.

## CONCLUSION

For the foregoing reasons, the Court finds that Judge Gargiulo's Report and Recommendation should be adopted as the opinion of this Court.  This action is stayed pending exhaustion of Spicer's claims in state court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [38] entered by United States Magistrate Judge John C. Gargiulo

is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this action is **STAYED** pending exhaustion of Fred Sanford Spicer, Jr.'s claims in state court. Spicer is ordered to file a petition in state court within **THIRTY DAYS** of the date of this opinion.  Spicer must also file a motion to lift the stay or a motion to dismiss his habeas petition within **THIRTY DAYS** after exhausting his claims in state court.  Failure to comply with these time limits will result in dismissal of Spicer's habeas petition.

**SO ORDERED AND ADJUDGED** this the 21st day of September, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE